UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUNG THAI NGUYEN,

      Petitioner,

    v.                           Case No.:  2:26-cv-01723-SPC-NPM

MARKWAYNE MULLIN *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Hung Thai Nguyen's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5) and supplemental responses (Docs. 6 and 9), and Nguyen's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Nguyen is a native of Vietnam who was admitted into the United States as a lawful permanent resident on October 14, 1998.  Following an arrest for distributing a controlled substance, an immigration judge ordered Nguyen removed on September 11, 2003.  Nguyen was in Immigration and Customs Enforcement ("ICE") custody until December 31, 2003, when ICE released him under an order of supervision.  On January 13, 2026, Nguyen reported to ICE for a routine check-in, and ICE revoked his release and detained him.  Nguyen challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Nguyen has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  The government was unable to remove him in 2003 and the following two decades.  And when Nguyen filed his habeas petition more than five months after being detained, ICE had made no effort to arrange his removal.  The burden thus shifts to the respondents.  ICE submitted a request for travel documents to the Vietnamese Consulate on July 14, 2026.  ICE demonstrates it has had success removing other Vietnamese nationals but identifies nothing about Nguyen's circumstances to suggest Vietnam is likely to issue him travel documents.  Nor does ICE explain why, if removal was likely when it detained Nguyen in January, it took no steps towards removal until after Nguyen sought habeas relief.

The Court finds no significant likelihood Nguyen will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Nguyen to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Hung Thai Nguyen's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Nguyen within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record